**Barbara M. EDRINGTON (now Fitzgerald) and Daniel B. Boone, Appellants,**

**v.**

**James L. EDRINGTON, Appellee.**

Court of Appeals of Kentucky.

Oct. 23, 1970.

Daniel B. Boone, Joseph V. Mobley, Robb L. Smith, Louisville, for appellants.

James A. Hubbs, Hubbs & Burton, Louisville, for appellee.

EDWARD P. HILL, Jr., Chief Justice.

Appellant, the mother, appeals from a judgment denying her prayer for custody of her two children in her proceeding alleging a change of condition since the entry, pursuant to agreement of the parties, of a custody judgment in 1962. We affirm.

It is argued that the judgment is (1) contrary to proven facts, (2) contrary to

applicable law, and (3) based on previously acquired prejudice of the trial judge against her. She also complains of that part of the judgment which attempts to bar the appellant from future access to the courts of Kentucky.

The appellee is a sergeant in the United States Air Force. Since 1962, when the parties were divorced by decree of the Jefferson Circuit Court, appellee has been transferred to North Dakota, Florida, Maryland, and possibly other states. At the time of the last trial, appellee was stationed at a military base in the state of Maryland, but he appeared in the Jefferson Circuit Court without raising any question as to jurisdiction.

Both appellant and appellee have remarried. The appellee remarried quite some time ago, and the appellant remarried less than one year before the trial in circuit court. Appellee and his last wife have a child. The last wife has a child by a previous marriage, making four children in the home. Appellee occupies a nice, spacious home on the military base. Appellant also has a nice home in Little Rock, Arkansas, and appellant's present husband has a 160-acre farm twenty miles out of Little Rock.

Admittedly both appellant and appellee are financially able to properly support the children.

Appellant has resorted to the courts of both Maryland and Arkansas in her efforts to regain custody of the children. She has been given liberal visitation rights including the custody of the children for about three months during the summer when they are out of school.

The facts on which appellant relies to upset the finding of the chancellor pertain to the condition of the little girl, age 9, at the time of trial, and a defect, discovered by appellant, in one of the boy's feet.

It appears that the daughter has some emotional problems and has been to a psychiatrist. A letter from the psychiatrist states that her problem stems from a lack of constant motherly care during the first few years of her life. He further states that appellee and his present wife participated in bi-monthly counselling sessions and were conscientious and cooperative in efforts to help the child and that the child is showing satisfactory improvement.

We do not attach much importance to appellant's argument as to her discovery of a slight defect in the foot of the boy.

■ Appellant's theory of the law of this case is that our case law prefers her due to the tender years of the children. True we have volumes of cases holding that all other considerations being equal, the mother should have the custody of young children. However these rules are not based on any superior right of the wife, but upon the welfare of the child. See Hamilton v. Hamilton, Ky., 458, S.W. 2d 451 (decided October 2, 1970).

■ It should be kept in mind that appellant voluntarily relinquished custody of the two children about eight years back when they were mere babies, the little girl being only seven months old at that time. Be that as it may, not long after 1962 when she did surrender custody to the father, she apparently had a change of heart and has been trying ever since to regain their custody, which is admirable. She now has their custody during a long period of time when they are not in school. It would seem best that appellant bide her time and cooperate with the father in giving security and tranquillity to the children.

We find no basis whatever in appellant's contention that the chancellor acquired a prejudice against her.

■ Appellant's next point questions the propriety of that part of the judgment relating to future jurisdiction of this controversy. While the judgment does not mention this question, it adopts the findings of fact and conclusions of law which suggest

that the Maryland courts should logically have jurisdicition. In dealing with this question the chancellor said: "These observations are made purely for the purpose of obviating future litigation in this Court subject to the condition that the Maryland Court will hold that it does have jurisdiction over the subject matter * * *." It was unnecessary that the chancellor embody this language in his findings, although it may have been a gratuitous and beneficial "observation." Of course, this part of the judgment is not binding on any court of the Commonwealth in the future for the simple reason that we cannot foretell future circumstances and conditions that may determine the question of jurisdiction.

 Finally, we find unmeritorious appellant's argument sandwiched in her brief to the effect that error was committed by the chancellor in refusing to allow her attorney's fee. See Lampkin v. Lampkin, Ky., 258 S.W.2d 720 (1958) and KRS 453.-120.

The judgment is affirmed.

All concur.