Patsy L. HOOD et al *v.* Clyde E. HOOD

78-13                                      566 S.W. 2d 743

Opinion delivered June 12, 1978
(Division II)

*Harkey, Walmsley & Belew,* for appellants.

*Steven G. Howard,* for appellee.

DARRELL HICKMAN, Justice. On the 12th of May, 1977, Clyde Hood, the appellee, and Patsy Hood, one of the appellants, both residents of Indiana, were divorced in Howard County, Indiana. The custody of their minor child was contested and after hearing the evidence the court awarded custody to Clyde, the father. The maternal grandparents, Herbert and Lola May Roberson, also appellants, who testified at the trial, were granted two weeks' visitation during the summer of 1977. The mother, Patsy, was granted one month's visitation during the summer of 1977.

Neither party appealed the judgment of the Indiana court. On the day of the trial Patsy Hood took the child with her and returned to Arkansas with her parents. Her parents are residents of the state of Arkansas.

After the six weeks' visitation in the summer of 1977, the appellants refused to deliver the child to the appellee and a petition for a writ of habeas corpus was filed in Independence County. The appellants responded asking for a change of custody to be granted to Patsy or her parents or both. The chancellor heard the case and granted the father, Clyde Hood, the writ. The appellants bring this appeal and argue that the court's order granting the writ was based almost solely on the principle of full faith and credit ignoring the best interests of the child.

First, there is no dispute that the Indiana court had jurisdiction over the parties and the subject matter. The parties were residents of the state of Indiana as was their child. The Indiana court heard the testimony of all the parties in this case before it rendered its decree awarding custody to the father.

Therefore, there is no doubt that on the face of it, the Indiana decree was entitled full faith and credit. *Frazier* v. *Merrill,* 237 Ark. 242, 372 S.W. 2d 264 (1963). We have in the past in unusual circumstances failed to give full faith and

credit to a foreign decree awarding custody. In one case both parties had subsequently become residents of the state of Arkansas and we held that an Arkansas court had jurisdiction and authority to modify a custody decree from another state. *Hamilton* v. *Anderson,* 176 Ark. 76, 2 S.W. 2d 673 (1928). We have refused to give full faith and credit to a foreign decree where the child has become a domiciliary of the state of Arkansas. *Keneipp* v. *Phillips,* 210 Ark. 264, 196 S.W. 2d 220 (1946). We have not abandoned the principle of law that where the best interests of the child dictates a change or modification of a foreign decree it may be made. However, our recent decisions obviously discourage parties from simply seeking a new trial in a different state. *Edrington* v. *Fitzgerald,* 257 Ark. 61, 514 S.W. 2d 712 (1974). In this case the appellant, Patsy Hood, candidly admitted that when she took the child, the date of the divorce hearing, which was May 12th, and brought it to Arkansas, she had no intention of complying with the judgment of the court. She stated in answer to questions:

> Q. So, you set out to have the matter re-litigated down here and have another hearing altogether down here?
>
> A. Yes.
>
> Q. It was shortly after you got back that you decided to do that?
>
> A. Yes.
>
> Q. Was that your intention to do that when you left up there?
>
> A. I knew when I left up there that I would try my best to put Shawn in the kind of home that he should be in.
>
> Q. You had no intention of letting Shawn go back up there?
>
> A. No, I did not.

It is unnecessary to recite all of the evidence that was offered in this case. The chancellor gave the appellants a full

and complete hearing on the matter. All of the parties testified and some other evidence was offered. The court found a very slight change of circumstances, if any, and we cannot say this finding was against the preponderance of the evidence.

The court went on to state its basic reasoning:

My decision is that the writ of habeas corpus will be granted and the child returned to the State of Indiana. My reasoning is that these parties were married in the State of Indiana, having lived there for some twenty some odd years. Custody of the child was litigated in the courts of Indiana which had access to all of the witnesses who were familiar with the parties during the marriage and this Court feels like custody of the child should properly be litigated at the place where the parties lived. That was done in this case and the Court in Indiana granted custody to Mr. Hood . . .

What disturbs me more was that they didn't undertake to appeal nor at this time to return to Indiana and try to show the Court up there that Mrs. Hood is now a better person than she was when the case was litigated back in May, but brought the child to the State of Arkansas and I am convinced that their purpose in doing so — or starting an action here was to just get before a different Court and re-litigate the whole case from start to finish and I feel very strongly that that is highly improper. It isn't fair to Mr. Hood because he is put to the expense, after having litigated and won in Indiana, he is put to the expense of coming to Arkansas where he no longer has access to witnesses that know the parties.

We agree with this statement by the chancellor because clearly this was a case of the appellants seeking a friendly forum and a retrial of a matter that had been tried in a court of competent jurisdiction only weeks before.

We have no difficulty in saying that the trial court made no errors of law nor was its finding against the preponderance of the evidence.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOWARD, JJ.