The Honorable Jodie Mahony State Senator 106 West Main, Suite 406 El Dorado, AR 71730
Dear Senator Mahony:
This is in response to your request for an opinion on several questions involving enforcement of a child custody decree. You have set forth the following factual scenario in this regard:
 A custody order has been issued by the State of Georgia. The non-custodial parent has the actual physical custody of the children in Arkansas and refuses to return them to the custodial parent in Georgia. The custodial parent notifies the appropriate county sheriff in Arkansas and requests that the sheriff remove the children from the physical custody of the non-custodial parent and return them to the custodial parent. The Arkansas sheriff indicates that he is without authority, in the absence of the Georgia Decree being filed with the Chancery Court Clerk, to retrieve the children and return them to the custodial parent. The State of Georgia has adopted the Uniform Child Custody Jurisdiction Act.
Your specific questions concern the above scenario are as follows:
 1. Given the above scenario, must the Chancery Court Clerk, based upon provisions of A.C.A. § 9-13-215, file the Georgia Custody Decree?
 2. If the Clerk of the Chancery Court must file the Georgia Custody Decree, what procedure must be utilized for both the filing of the decree and subsequent removal of the children from the non-custodial parent?
 3. Is there a fee for the filing of the Georgia Custody Decree, and if so, how much?
 4. If a fee is required prior to the Georgia Custody Decree being filed by the Clerk of the Chancery Court, is this an expense anticipated by A.C.A. § 9-13-215(b), which provides that the non-custodial parent, or other person violating the custody decree, may be required to pay to the party entitled to the custody of the children or his witnesses necessary travel and other expenses, including attorney's fees? If so, what would be the procedural mechanism for the party entitled to the custody of the children or to the witness fee to obtain this reimbursement from the person in violation of the custody decree?
The answer to your first question is "yes," in accordance with A.C.A. §§ 9-13-215(a) ("[a] certified copy of a custody decree of another state may be filed in the office of the clerk of any chancery court of this state[;]") and 9-13-216(1) ("[t]he clerk of each chancery court shall maintain a registry in which he shall enter . . . [c]ertified copies of custody decrees of other states received for filing[.]")
With regard to your second question, the individual who wishes to register the decree under the Uniform Child Custody Jurisdiction Act ("UCCJA"), A.C.A. § 9-13-201 et seq., must obtain a certified copy from the Georgia court for filing in the Arkansas chancery court under §§ 9-13-215 and -216.
Regarding the procedure to be utilized for removing the children from the non-custodial parent, my research has disclosed no specific statutory procedure in Arkansas addressing this scenario. It should perhaps be noted in this regard that law enforcement officials may be reluctant to retrieve the children in the absence of clear statutory authority or a mandate to this effect, or a special court order requiring the return of the children. See Obstacles to the Recovery and Return of ParentallyAbducted Children (Chp. 8, entitled "Civil Liability of Law Enforcement Officials for Their Actions in Parental Abduction Cases") (Girdner 
Hoff eds., Office of Juvenile Justice and Delinquency Prevention 1992). Although the UCCJA, supra, clearly provides that the Arkansas court "shall recognize and enforce an initial or modification decree of a court of another state . . ." (A.C.A. § 9-13-213), the precise manner of enforcement is not spelled out. The uniform act simply states that "[a] custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state." A.C.A. § 9-13-215(a).
It may therefore be necessary for the custodial parent to initiate a proceeding in the Arkansas court for enforcement of the Georgia decree. Obtaining experienced legal counsel will probably be required in order to explore the civil actions that can be undertaken. The particular circumstances will likely determine which avenues are available, and what assistance can be expected from law enforcement.[1] My review of Arkansas case law indicates that custodial parents have pursued both civil and criminal contempt actions, as well as habeas proceedings (petition for writ of habeas corpus, A.C.A. § 16-112-101 et seq.) as a means of enforcing a custody decree. See, e.g., Baggett v. State,15 Ark. App. 113, 690 S.W.2d 362 (1985) (involving an ex parte contempt of court order for not returning the child to the custodial parent as ordered under the terms of the custody decree); Hobbs v. State,43 Ark. App. 149, 862 S.W.2d 285 (1993) (criminal contempt order issued by Arkansas chancery court); and Hood v. Hood, 263 Ark. 662, 566 S.W.2d 743
(1978) (writ of habeas corpus granted by Arkansas chancery court requiring return of the child to Indiana). The simultaneous pursuit of civil and criminal remedies may be desirable. See n. 1, supra, regarding criminal prosecution. The custodial parent may also want to review applicable Georgia laws regarding punishment of child abduction and custody interference.
In response to your third question regarding a filing fee, it is my opinion as a general matter that A.C.A. § 21-6-402 authorizes a fee of $2.00 for filing a certified copy of the Georgia custody decree in the chancery court registry. See A.C.A. § 21-6-402(4) (Repl. 1996) (establishing a $2.00 fee "[f]or entering every order or decree.") This assumes that there is no applicable special legislation in the particular judicial district involved. It should also be noted that additional fees will be required in the event enforcement proceedings are commenced. See
A.C.A. § 21-6-403(b)(2) (Supp. 1997) (uniform filing fee of $100.00 for initiating a cause of action in chancery court). It is recommended that the custodial parent consult the particular chancery court to ascertain the exact fee(s) that will be required.
It is my opinion that the answer to your final question, involving expenses incurred by the custodial parent in enforcing the decree, is in all likelihood "yes." That is, the filing fee(s) would reasonably be included within the "necessary . . . expenses" which the person violating the decree may be required to pay. I believe reimbursement would generally be obtained by reducing the amount to judgment and executing upon said judgment. See generally A.C.A. §§ 16-65-101 et seq. and 16-66-101et seq.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Depending upon the circumstances, assistance from the local prosecutor may be indicated. The criminal offenses of interference with visitation and interference with court-ordered custody are established under A.C.A. §§ 5-26-501 and -502 (Repl. 1997).