**GLIDEWELL MOTORS, INC., an Arkansas Corporation, and B & S Auto Sales, a Partnership, Petitioners,**

v.

**Honorable Pat PATE, District Judge of LeFlore County, Sixteenth Judicial District, Respondent.**

No. 51966.

Supreme Court of Oklahoma.

April 4, 1978.

Rehearing Denied May 17, 1978.

Daily, West, Core, Coffman & Canfield, Fort Smith, Ark., for B & S Auto Sales, Inc.

Douglas Parker, Fort Smith, Ark., by William D. Mobley, Poteau, for Glidewell Motors, Inc., petitioners.

George H. McBee, Hamilton & McBee, Poteau, for Central Nat. Bank of Poteau, Oklahoma, on behalf of respondent.

BERRY, Justice.

This is an original proceeding brought by petitioners, Glidewell Motors, Inc. and B & S Auto Sales, to prohibit further proceedings in action pending before Pat Pate, District Judge, respondent herein, in action brought by Central National Bank of Poteau, Oklahoma [plaintiff] against Glidewell Motors, Inc. and B & S Auto Sales [defendants].

The facts arise from the purchase and sale of an automobile. Petitioners are two Arkansas corporations in the business of purchasing and selling used automobiles. Their businesses are located solely in Fort Smith, Arkansas. Petitioner B & S Auto Sales is actually a corporation.

Central National Bank [Bank] made a loan of money in Poteau to one C. J. Rail, who gave Bank a secured interest in an automobile to guarantee repayment of the loan. Bank perfected its Oklahoma secured interest.

Thereafter, Glidewell acquired the automobile from Rail in Arkansas. Rail executed the title transfer in blank. Glidewell then transferred both the automobile and the blank title to B & S. B & S sold the automobile in the regular course of business. These transactions took place in Arkansas.

At about the same time Glidewell and B & S took advertisements in a newspaper in Fort Smith, Arkansas. The newspaper had some circulation in Oklahoma.

Bank's district court action in tort alleges Glidewell and B & S each caused Bank damage by failing to inform Bank of the transactions involving the automobile. Bank also seeks punitive damages against Glidewell for transferring the automobile under a blank title.

Petitioners moved to quash in district court, alleging lack of in personam jurisdiction in that court.

On the issue of jurisdiction, Bank's petition alleges Glidewell and B & S are subject to jurisdiction of Oklahoma courts by virtue of their business dealings with Oklahoma property and their solicitation of business in Oklahoma.

Petitioners' motion to quash in district court alleges petitioners do not do business in Oklahoma or solicit business in Oklahoma. The motion is supported, in part, by the affidavit of the president of B & S. The affidavit says B & S employs no agents in Oklahoma, has no office in Oklahoma, and does not solicit business in Oklahoma. The affidavit goes on to state B & S does not advertise in Oklahoma, but only advertises by way of classified advertisements in a Fort Smith, Arkansas, newspaper.

No other facts were before trial court on hearing the motion to quash. The order overruling motion to quash is supported by a court minute indicating the motion was overruled based on 12 O.S.1971 § 1701.-03(a)(4). The statute, 12 O.S.1971 § 1701.03, provides:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

\* \* \* \* \* \*

"(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state . . ."

Respondent, in the brief, also relies upon 12 O.S.1971 § 1701.03(a)(3), which provides for personal jurisdiction of nonresidents where the cause of action arises from the nonresident's " . . . (3) causing tortious injury in this state by act or omission in this state . . ." and upon 12 O.S. Supp.1977 § 187, which provides for in personam jurisdiction in Oklahoma where a cause of action arises from: the transaction of any business in Oklahoma, the commission of any act in Oklahoma, or certain other acts.

■ We have held the Oklahoma "long-arm" statutes intend to allow the reach of personal jurisdiction of the Oklahoma courts to the outer limits permitted by the due process clause of the United States Constitution. *Carmack v. Chemical Bank New York Trust Company,* Okl., 536 P.2d 897. We define those outer limits with reference to the rule of minimum contacts with this state by the person over whom jurisdiction is sought. *Marathon Battery Co. v. Kilpatrick,* Okl., 418 P.2d 900.

On motion to quash, the question before trial court was whether advertising by an

Arkansas corporation, in an Arkansas newspaper which is circulated in Oklahoma, constitutes doing business or soliciting business in Oklahoma.

We have recently considered the matter of minimum contacts through advertising, *Roberts v. Jack Richards Aircraft Co.,* Okl., 536 P.2d 353. The reasoning in the cited case is controlling in this instance.

◼ Here the injury to Bank [if any] did not arise out of advertising in Oklahoma. Trial court may not assume jurisdiction of Glidewell and B & S in the pending action. In this situation, prohibition is the appropriate remedy.

Advertising by an Arkansas corporation, and nothing more, in an Arkansas newspaper which has some circulation in Oklahoma is insufficient contact in Oklahoma to give Oklahoma courts jurisdiction under the long-arm statutes.

We assume original jurisdiction. Writ of prohibition granted and the district judge is prohibited from proceeding further in this case.

LAVENDER, V. C. J., and IRWIN, BARNES and SIMMS, JJ., concur.

WILLIAMS and DOOLIN, JJ., dissent.