**Mary Juanita TAYLOR, Appellee,**

v.

**William W. TAYLOR, Appellant.**

**Nos. 63069, 62967.**

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 27, 1985.

As Corrected Sept. 13, 1985.

Rehearing Denied Oct. 1, 1985.

Dan Nelson, Oklahoma City, for appellee.

N. Kay Bridger-Riley, Tulsa, for appellant.

HUNTER, Presiding Judge.

The sole question presented is whether a Colorado resident, who has never been in the State of Oklahoma and has had no contacts with the State of Oklahoma, is subject to in personam jurisdiction of the District Court of Oklahoma when served in Colorado pursuant to the Oklahoma Long Arm Statute, 12 O.S.1981 § 1701.03 (Repealed 1984). We answer in the negative.

William W. Taylor, defendant-appellant, and Mary Juanita Taylor, plaintiff-appellee, were married on December 26, 1979, in Colorado Springs, Colorado. Twenty to twenty-five days later, Mary left, moved to Oklahoma and filed for divorce. William was personally served in Colorado with the Divorce Petition in June of 1980. On August 28, 1980, Mary gave birth to a son, Daniel Aaron Taylor. On October 16, 1980, Mary obtained a Decree of Divorce awarding her custody of the minor child; two hundred dollars per month child support; support alimony in the amount of three thousand six hundred dollars payable at the rate of three hundred dollars per month; judgment for two thousand four hundred dollars arrearages on a temporary support order and six hundred dollars as attorney's fees.

On February 3, 1984, Mary obtained a Journal Entry of Judgment for arrearages of alimony and child support payments in the total amount of thirteen thousand six hundred dollars; six hundred dollars attorney's fees and sixty dollars costs.

In April, 1984, William received notice from his employer, the United States Air Force, that involuntary allotment proceedings would commence and an amount equivalent to fifty-five percent of each pay-

check would be withheld and applied towards the arrearages owed Mary. On May 24, 1985, William, by special appearance through his attorneys, filed his Motion to Vacate on the basis that the District Court lacked in personam jurisdiction to enter any monetary awards against him. The trial court overruled the Motion to Vacate, and this appeal resulted.

Although the Oklahoma Supreme Court has consistently held that the Oklahoma Long Arm Statute extends the jurisdiction of Oklahoma Courts over non-residents to the outer limits permitted by due process requirements of the United States Constitution, *Glidewell Motors, Inc., v. Pate,* 577 P.2d 1290 (Okl.1978), we are bound by the interpretation of the United States Constitution promulgated by the United States Supreme Court. In *Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) and in *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the United States Supreme Court reiterated the basic Constitutional limitations on State courts attempting to exercise in personam jurisdiction over non-resident defendants. In *Kulko, supra,* the Court said:

> As we have emphasized: 'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state ... [I]t is essential in each case that there be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum state ...' (citations omitted). 436 U.S. at 93–94, 98 S.Ct. at 1697–1698.

In *World-Wide Volkswagen Corp., supra,* the Court said:

> The concept of minimum contacts ... can be seen to perform two related, but dis-

tinguishable, functions. It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system. *Id.* at 291–292, 100 S.Ct. at 564–565.

■ Appellee's argument that appellant purposely availed himself of the laws of Oklahoma by relying on his wife to obtain a valid divorce decree here is patently without merit. The further argument that appellee had no other forum in which to obtain relief is a misstatement which overlooks the obvious forum of the State of Colorado, and the argument that appellant benefitted from the alleged act of "abandoning his wife in Oklahoma at the State of Oklahoma's expense" is spurious.

■ The trial court had jurisdiction to grant a divorce and child custody. However, it had no jurisdiction over the person of the appellant, and the judgment granting support alimony, child support, attorney's fees and costs is void and is REVERSED. This matter is REMANDED to the trial court with directions to vacate that portion of the divorce decree awarding support alimony, child support, attorney's fees and costs, as well as the judgment entered on the 3rd day of February, 1984, which purports to award judgment for arrearages.

REVERSED AND REMANDED.

HOWARD and HANSEN, JJ., concur.