Pamela PULLIAM *v.* Thomas E. McGARITY et ux

CA 79-322                                        599 S.W. 2d 419

Court of Appeals of Arkansas
Opinion delivered April 30, 1980
Released for publication May 21, 1980

*Ralph C. Hamner, Jr.,* for appellant.

*Kenneth C. Coffelt,* for appellee.

MARIAN F. PENIX, Judge. Pamela Pulliam, Appellant, was injured in Arizona in an automobile accident involving

Thomas McGarity, Appellee. Pulliam sued Thomas E. McGarity and Jane Doe McGarity, husband and wife, in Superior Court of Arizona. Service was had upon both pursuant to Arizona's long-arm statute. Neither Thomas McGarity nor Dean McGarity, his wife, appeared in the Arizona court. A judgment was entered against both McGaritys in the sum of $22,356.29. A Petition for Registration of the Arizona Judgment was filed in the Circuit Court of Pulaski County, Arkansas. A Response to Petition for Registration alleging fraud was filed. The parties agreed there was no basis for denying the Petition for Registration against Thomas McGarity. The Court denied the registration as to Ms. McGarity. Ms. Pulliam has appealed.

Pulliam alleges error in the Court's ruling on an issue previously decided by the Arizona court.

The Arkansas trial court found Thomas McGarity was not Dean McGarity's agent at the time of the accident and found there was no common purpose shared by the McGaritys.

Pulliam contends the lack of agency and common purpose are clearly defenses that could have been made in the action in Arizona and are collateral attacks upon the judgment. Under Arizona's community property law negligence of one spouse is imputed to the other.

The record reflects Dean McGarity was never in Arizona; had never had an automobile in Arizona; knew nothing about the car wreck; that Thomas McGairty was not on any mission for her and there's no proof she had any knowledge of the pending suit in Arizona. A judgment in a foreign court which lacks jurisdiction will not be recognized in this state any more than a judgment in our own courts which lack jurisdiction will be recognized.

Pulliam relies on *Purser* v. *Corpus Christi State National Bank,* 256 Ark. 452, 508 S.W. 2d 549 (1974). The *Purser* case, however, can be distinguished. There the appellants' counterclaim and set-off were dismissed because the allegations of fraud and lack of jurisdiction were lacking. The

court quite properly held the counterclaim could not be pleaded in an action to register a foreign judgment.

An Arizona Judgment may be attacked for want of jurisdiction. Arizona law provides service is proper upon a wife if had on the husband, *and if* the husband is acting as her agent and also *if* the circumstances from which the action arises were such to indicate a joint purpose. In Arizona defenses to service are lack of agency and lack of joint purpose.

Dean McGarity, appellee, quite properly raised the defenses of lack of agency and lack of joint purpose because they are defenses which go to jurisdiction, i.e. proper service.

We find there to be substantial evidence to support the determination of the trial court that the Arizona court lacked jurisdiction over appellee. The trial court heard the testimony of the witnesses and determined the appellee's defense to be valid. Therefore, the trial court properly held the judgment against Dean McGarity to be void.

Affirmed.