SPRINGWIND FARMS, INC. *v.* McLANE CO.

CA 86-372                                               731 S.W.2d 784

Court of Appeals of Arkansas
Division I
Opinion delivered June 24, 1987

*Ball, Mourton & Adams*, by: *Phillip A. Moon*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from the registration of a default judgment rendered in Texas. The appellant is an Arkansas corporation with its principal place of business in Springdale, Arkansas. The appellee is a Texas corporation. Suit was filed in Texas and service was obtained on the appellant under the Texas "long-arm" statute. Appellant's first contention is that it did not have sufficient contacts with Texas to give that state in personam jurisdiction over it. Its second contention is that there was a failure to comply with the Texas procedural requirements for service and, therefore, the Texas court did not have personal jurisdiction to enter judgment against appellant.

We need not discuss either of these contentions because we agree with the appellee's contention on cross-appeal. The appellee claims the Texas judgment became a final Arkansas judgment since the appellant did not file an answer within the time allowed by the statutes providing for the registration of foreign judgments

in Arkansas. We agree and affirm the judgment entered by the trial court, although for a different reason than that used by the trial judge.

Ark. Stat. Ann. §§ 29-801 through 29-818 (Repl. 1979) are concerned with the enforcement of foreign judgments. These sections constitute the Uniform Enforcement of Foreign Judgments Act, and section 29-807 provides:

> If the judgment debtor fails to plead within twenty [20] days after jurisdiction over his person has been obtained, or if the court after hearing has refused to set the registration aside, the registered judgment shall become a final personal judgment of the court in which it is registered.

As the appellee points out, these statutes were discussed by Dr. Robert A. Leflar in a law review article in which it was said:

> If after registration personal service is secured on the judgment debtor in accordance with the law of the state of registration. . . . If he does not answer within this time, or if on hearing based on the issues raised by his answer the decision goes against him, the registered judgment becomes a final personal judgment of the court in which it is registered.

Leflar, *The New Uniform Foreign Judgments Act*, 3 Ark. L. Rev. 402, 415 (1949).

■ Since the appellant's answer to the petition for registration of the Texas judgment was filed five days late, we hold that the judgment sought to be registered became a final judgment under the plain language of Ark. Stat. Ann. § 29-807. The trial court considered the issues raised in the appellant's answer, even though it was filed late, because the judge thought he should determine whether Texas had jurisdiction to render the judgment. The appellee told the judge that it took the position that the judgment had become final when the time to file an answer to the petition for registration had expired and that it did not, by participating in the hearing on the jurisdiction issue, want to waive any right to assert that position. The trial judge stated he understood that position.

The appellant argues that the trial court's action allowed the

answer to be filed late, that this was discretionary, and that no abuse of discretion was shown. We do not agree. Not only did the appellant fail to show any excuse for filing its answer late, the judge did not indicate there was any excuse for the late filing. The judge simply thought he had to consider the basis of the granting of the foreign judgment since it was alleged that Texas did not have jurisdiction to grant it.

We think the trial court was in error in reaching this conclusion. It is true that a judgment in a foreign court which lacks jurisdiction will not be recognized in this state any more than a judgment in our own courts which lack jurisdiction will be recognized. *See Pulliam v. McGarity*, 268 Ark. 1138, 599 S.W.2d 419 (1980). However, this does not mean one can ignore the summons issued on a petition to register a foreign judgment and then, at any time he desires, raise the issue that the foreign court lacked jurisdiction to render the judgment. In *Purser v. Corpus Christi State National Bank*, 256 Ark. 452, 508 S.W.2d 549 (1974), the court said:

> The salient purpose of the Uniform Act is to provide for a summary judgment procedure in which a party in whose favor a judgment has been rendered may enforce that judgment promptly in any jurisdiction where the judgment debtor can be found, thereby enabling the judgment creditor to obtain relief in an expeditious manner.

256 Ark. at 456.

It would work against this "salient purpose" to allow without good cause the late filing of answers to petitions to register foreign judgments. In *Dolin v. Dolin*, 9 Ark. App. 329, 659 S.W.2d 954 (1983), we said the court is not required to conduct a hearing at which the burden is upon the party filing the petition for registration to establish entitlement to registration where there is no evidence or testimony to refute the prima facie case made by the authenticated documents filed with the verified petition to register the judgment. We said the appellant was afforded the opportunity to offer evidence to support his allegation of lack of jurisdiction and, having offered none, the judgment which was regular on its face and duly authenticated was entitled to registration.

In *Meisch* v. *Brady*, 270 Ark. 652, 606 S.W.2d 112 (1980), the court said a default judgment was "just as binding and forceful as a judgment entered after a trial on the merits of the case." 270 Ark. at 658. The court reversed the trial court's setting aside a default judgment, and said the record did not establish that the requirements of ARCP Rule 55, which allows a default judgment to be set aside "upon a showing of excusable neglect, unavoidable casualty, or other just cause," had been met. These requirements were not met in the instant case, either.

For the reasons indicated above, we affirm the trial court's judgment granting the appellee's petition to register the Texas judgment.

CORBIN, C.J., and COULSON, J., agree.