# FOUR SEASONS HOME IMPROVEMENT COMPANY
## *v.* W. B. McCULLOUGH

CA 90-331                                    807 S.W.2d 48

Court of Appeals of Arkansas
Division II
Opinion delivered April 17, 1991

*Hurst Law Offices*, by: *Q. Byrum Hurst, Jr.*, and *Terri Harris*, for appellant.

*Henry, Cox & MacPhee*, by: *Bruce A. MacPhee*, for appellee.

JAMES R. COOPER, Judge. The appellant in this civil case is a home improvement company incorporated in Arkansas. The appellant retained the services of the appellee, a South Carolina attorney, for the purpose of collecting money from a South Carolina customer. There was a dispute as to the fee agreement between the appellant and the appellee and, on June 20, 1988, a South Carolina court entered a default judgment against the appellant in the amount of $2,278.10 plus interest. The appellee subsequently sought registration of the foreign judgment in Arkansas; the appellant objected, raising an affirmative defense and attacking the judgment for want of jurisdiction. At the registration hearing the appellee moved for summary judgment and the trial court granted the motion. From that decision, comes this appeal.

On appeal the appellant advances two points: first, that there was not proper service of process on the appellant pursuant to the laws of South Carolina; and second, that the trial court erred in granting the appellee's motion for summary judgment. We disagree, and we affirm.

As to the appellant's argument that South Carolina was without jurisdiction, we note that jurisdiction is a permissible ground for attacking a foreign judgment and is therefore properly raised in a registration hearing. *See Dolin* v. *Dolin*, 9 Ark. App. 329, 659 S.W.2d 954 (1983). The appellant contends that South Carolina failed to obtain personal jurisdiction over it because the South Carolina Secretary of State, acting as the appellant's agent for service of process, failed to strictly comply with a South Carolina service of process statute which provided: "proof of service shall be by affidavit of compliance filed, together with copy of process, with the clerk of the court in which the action or proceeding is pending. There shall be filed with the affidavit of compliance, the return receipt signed by such foreign corporation or other proof of delivery. . . ." S.C. Code Ann. § 15-9-240(b)(2) (1981). The appellant cites *Bi-State Energy, Inc.* v. *Tidewater Compression, Inc.*, 19 Ark. App. 148, 718 S.W.2d 117

(1986), in support of its argument that South Carolina must strictly comply with the statute. We think this case is inapplicable because *Tidewater* involved jurisdiction in Texas courts and cited Texas case law which required Texas courts to strictly comply with its statutes dealing with service on foreign corporations. In the case before us, South Carolina law is applicable and the appellant cites no South Carolina authority to support its contention that South Carolina law requires strict compliance with its statutes dealing with service on a foreign corporation or that substantial compliance is insufficient for valid service. Our review of applicable South Carolina statutes, rules of procedure, and case law shows that South Carolina Rule of Civil Procedure 4(g) provides that failure to make proof of service does not affect the validity of the service. This rule also provides that "[i]f service was by mail, the person serving process, shall show in his proof of service the date and place of mailing, and attach a copy of the return receipt . . . showing whether the mailing was accepted, refused or otherwise returned." The South Carolina Court of Appeals cited this statute in *Beckham* v. *Durant*, 387 S.E.2d 701 (S.C. App. 1989), in which the court, addressing an appellant's argument that failure to file proof of service within a ten day period, as provided by Rule 5(d) S.C.R.C.P., nullifies the service or extends the period of time for a defendant to answer. The court noted that "Rule 4(g) S.C.R.C.P., specifically states, 'Failure to make proof of service does not affect the validity of the service.' Thus, failure to make proof of service within a ten day period of service, likewise, would not affect the validity of service." We think that this case provides insight into South Carolina's view of proof of service requirements.

The record before us shows that a letter from the South Carolina Secretary of State dated May 14, 1988, addressed to the appellant, reciting the summons and complaint were enclosed, and sent restricted delivery, was filed with the Williamsburg County, South Carolina Court on September 14, 1988. In addition, a letter from the Secretary of State, dated May 2, 1988, addressed to the appellee and enclosing the signed returned receipt, dated May 17, 1988, was filed in the Williamsburg County Court on June 6, 1988. We think that the Arkansas chancellor could find that these two letters, filed along with the signed return receipt, constituted the information required for

adequate proof of service under South Carolina law. Furthermore, we think that the chancellor could find in light of *Beckham, supra,* that despite the Secretary of State's failure to file an affidavit of compliance, there had been substantial compliance with the statute giving South Carolina jurisdiction over the appellant. The appellant was afforded the opportunity to offer evidence to support his allegation of lack of jurisdiction, and since the chancellor found jurisdiction with the South Carolina Court, and since there is no dispute that the judgment was regular on its face and duly authenticated, we find that the judgment was entitled to registration. *Springwind Farms, Inc. v. McLane Co.,* 21 Ark. App. 257, 731 S.W.2d 784 (1987).

■ The appellant also asserts that the chancellor erred in granting summary judgment because there was an issue of material fact, raised by the assertion of accord and satisfaction as an affirmative defense. In support of this assertion the appellant cites Ark. Code Ann. § 16-66-608 (1987) which provides:

> Any defense, setoff, counterclaim, or cross-complaint, which under the law of this state may be asserted by the defendant in an action on foreign judgment, may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions.

The appellant maintains that pursuant to this statute the issue of accord and satisfaction must be considered. The record shows a check from the appellant to the appellee in the amount of $150.00 dated October 6, 1987. It is clear from the complaint filed in South Carolina that the South Carolina court and the appellee credited the appellant with this payment. Furthermore, the June 6, 1988, judgment was obviously entered subsequent to this payment. Under these circumstances, the appellant's assertion of accord and satisfaction is merely an attempt to relitigate an issue already determined by the South Carolina court. We have held that Ark. Code Ann. § 16-66-608 (1987) does not permit the relitigation of any issue finally determined by the foreign court because those matters are foreclosed. *Dolin, supra.* Therefore, we find that the issue of accord and satisfaction was foreclosed and the trial judge did not err in granting summary judgment.

Affirmed.

DANIELSON and JENNINGS, JJ., agree.