5-3111                                        372 S. W. 2d 264

Opinion delivered November 18, 1963.

*Daily & Woods, Kerr, Conn & Davis,* Oklahoma City, Okla., for appellant.

*Hardin, Barton & Hardin,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a summary judgment denying a petition for writ of habeas corpus.

Appellant Rachel Merrill Frazier and appellee D. B. Merrill were divorced in Oklahoma by a decree dated September 11, 1961, which apparently divided custody of their two minor sons, D. B. Merrill, Jr., age eight, and Steven Ray Merrill, age five, between the father and mother. A copy of this decree is not in the record. Thereafter appellant moved to Kansas, taking the boys with her, and there refused to deliver custody of the boys to appellee or even permit him visitation rights. Appellee immediately returned to Oklahoma and on petition, the

Oklahoma court amended its original decree giving appellee complete and exclusive custody of the boys. Appellee then returned to Kansas and filed a petition for a writ of habeas corpus. The decree of the Kansas court, entered June 8, 1962, recites that the parties had stipulated that the court had jurisdiction, that appellee should have custody of the older son two months during the summer, and of the younger son one month, that appellee must file a $1,000 performance bond, and that appellee would have all orders of the Oklahoma court subsequent to the divorce decree of September 11, 1961, set aside.

Prior to the granting of this Kansas decree, appellee had the Oklahoma amended decree set aside. Upon obtaining custody of the boys, after posting the bond, appellee returned with them to Oklahoma. Thereafter he filed a new motion in the Oklahoma court to amend the divorce decree, alleging, *inter alia:*

"That the said order [setting aside all orders in this cause which were made subsequent to the date of the divorce decree of September 11, 1961] was made at the request of this defendant [appellee] because of the fact that at that time another action was pending in the courts of Wichita, Kansas, regarding the custody of said children and that the plaintiff [appellant here] had violated the orders of this court and had taken said children to Wichita, Kansas, and there refused to deliver custody of said children to this defendant as per order of this court; that the defendant was then required to bring action in courts in Wichita, Kansas, for custody of said children and that the attorneys for the plaintiff refused to have any hearing until such time as the orders of this court made subsequent to the divorce decree be set aside; therefore, this defendant [appellee] had said order set aside because of the coercion and demands of the attorneys for the plaintiff in Wichita, Kansas; . . ."

and prayed for exclusive custody of the children. On August 13, 1962, the Oklahoma court again amended its original divorce decree and again granted appellee exclusive custody of the children. No appeal was taken from this decree. Some time thereafter appellee and the boys moved to Fort Smith. On November 27, 1962, appellant

petitioned for a writ of habeas corpus in Sebastian Chancery Court. At trial on December 6, 1962, the Chancellor found that the Order Amending Decree of the Oklahoma court of August 13, 1962, is a valid decree and entitled to full faith and credit; that appellant made no allegation of changed circumstances affecting the welfare of the children since the date of the Oklahoma Order Amending Decree, or that there existed any material facts unknown to the Oklahoma court on the date of its order, and that no material question of fact existed and thereupon granted appellee's motion for summary judgment and denied appellant's petition for writ of habeas corpus. From the decree appellant has appealed, contending that the Oklahoma order is void on its face and therefore subject to collateral attack.

The Oklahoma statute which authorizes a court to modify or change child custody orders in divorce cases provides, as follows:

"12 O. S. 1961 § 1277. Care and custody of children. —A petition or a cross-petition for a divorce, legal separation or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provisions for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."

Appellant argues skillfully that since there was no allegation of material change of condition or circumstances in appellee's motion to amend the Oklahoma decree nor found in the order of the Oklahoma court, that court was without authority to change custody. Appellee contends that the exact words need not be specifically set out.

The Order Amending Decree reads as follows:

"The above defendant [appellee] having filed his motion requesting the court to amend decree heretofore made by this court regarding the custody of Steen Ray Merrill and D. B. Merrill, Jr., minor children of the par-

ties hereto and the plaintiff [appellant] having been served with notice of said motion and of the hearing of said motion on this date and she having failed to answer, protest, or appear, and being three times called in open court and failing to answer and the court having examined the file in said cause finds that said plaintiff has been properly and legally notified of this hearing; and the court proceeds to hear the evidence offered by the defendant and upon due consideration thereof finds that the children are in the custody of this court and that they are personally present in court; the court further finds that all of the allegations contained in defendant's motion are true and that it is for the best interest of the children that the defendant, D. B. Merrill, be granted the exclusive and perpetual custody and control of said minor children.

"It is therefore ordered by the court that the orders heretofore made by this court be amended and the defendant D. B. Merrill is hereby awarded the exclusive and perpetual care, custody and control of Steen Ray Merrill and D. B. Merrill, Jr., and the minor children of the parties hereto.

"Dated this 13th day of August, 1962."

It is well-established that a judgment of a court of record of a sister state is entitled to full faith and credit and may not be collaterally attacked unless the judgment is void on its face. U. S. Const. art. IV, § 1.

It was said by the Oklahoma Supreme Court in *Welch* v. *Focht,* 67 Okl. 275, 171 P. 730, that:

"There is also practical unanimity among the authorities that a judgment of a court of general jurisdiction cannot be collaterally attacked, unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and *where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts*

*authorizing it to render the judgment which it did."*
[Emphasis ours.]

In *McDougal* v. *Rice,* 79 Okla. 303, 193 P. 415, after quoting the paragraph above, the court goes on to say:

"In *Welch* v. *Focht, supra,* the following was quoted with approval of this court from Van Fleet on Collateral Attack, wherein it was said:

" 'There is no connection between jurisdiction and sufficient allegations. In other words, in order to 'set the judicial mind in motion,' or to 'challenge the attention of the court,' it is not necessary that any material allegation should be sufficient in law, or that it should even tend to show facts that are sufficient. If that were the rule, the absence of any material allegation would always make the judgment void, because it cannot be said that such a complaint has any tendency to show a cause of action. * * * When the allegations are sufficient to inform the defendant what relief the plaintiff demands, the court having power to grant it in a proper case, jurisdiction exists, and the defendant must defend himself. * * * Allegations immaterial and wholly insufficient in law may be sufficient to 'set the judicial mind in motion,' and to give a wrongful but actual jurisdiction, which will shield the proceedings from collateral attack.'

"Then the opinion continues:

" 'And the learned author sums up the whole matter by saying that in his opinion the true and logical rule is that, if there is any petition at all invoking the action of the court, a judgment based thereon cannot be assailed collaterally because of insufficiency in the pleading. This, too, is the rule adhered to by the Supreme Court of the United States.' " (Cases cited.)

It is true that neither the motion nor the order contain the specific words "changed conditions or circumstances," nevertheless we are impelled to the conclusion that the motion contained sufficient allegations to challenge the attention of the court and set the judicial mind in motion, and such silence of the order upon the

subject is presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment that it did. This being true, the Sebastian Chancery Court properly accorded full faith and credit to the Oklahoma Order Amending Decree.

Affirmed.