Edward A. DOLIN *v.* Betty DOLIN (KELLEY)

CA 83-11                                        659 S.W.2d 954

Court of Appeals of Arkansas
Division I
Opinion delivered November 2, 1983

*Herby Branscum, Jr.,* for appellant.

*J. R. Buzbee,* for appellee.

GEORGE K. CRACRAFT, Judge. Edward A. Dolin appeals from an order of the Chancery Court of Perry County granting the petition of Betty Dolin to register a foreign divorce decree pursuant to Ark. Stat. Ann. § 29-801 et seq. (Repl. 1979), which was entered in the State of California. We find no merit in either argument advanced by the appellant and affirm the decision of the chancery court.

On the 27th of January, 1982 Betty Dolin filed her verified petition for registration to which were attached a copy of the California judgment, the date of its entry and a record of subsequent order entries which affected it, all of which were duly authenticated in the manner authorized by the law of this State and which contained a prayer that the judgment be registered, as required by Ark. Stat. Ann. § 29-803 (Repl. 1979). An "Interlocutory Judgment of Dissolution of Marriage" entered by the Superior Court of California, County of Santa Clara, dated November 14, 1974, was one attachment. This order recited that the defendant had been duly served with summons on August 26, 1974 and had entered his appearance in that action and was present on the date the court entered the interlocutory order. As authorized by California law it declared that a final judgment of dissolution would be entered on application of either party after the expiration of six months from the date of service on the defendant. It provided that pursuant to a stipulation in open court the care and custody of their minor child should be awarded to the wife (appellee). The order recited that all marital property rights were in issue and after hearing

testimony it ordered the husband to pay the sum of $100 per month for the support of the minor child and $200 a month for "spousal support." This order made disposition of all other property rights of the parties except a division of a Ford Motor Company Retirement Fund over which the court retained jurisdiction.

Another order of that same court declared that the vested Ford Motor Company Pension Fund was community property and awarded the wife one-half of all payments under it when they commenced. A "Final Judgment of Dissolution" dated April 1, 1975, made permanent and binding all provisions of the interlocutory judgment. An order of that same court dated April 12, 1977 recited that both parties had appeared personally and with counsel and had presented evidence upon which the court modified visitation and increased child support to $150 per month, "respondent acknowledging that he is $100 in arrears in his present support obligations which will be paid forthwith." Another order denied a motion of the appellant to reduce child support payments upon a finding that, although his earnings had decreased, he had placed himself in that position by voluntary retirement at a time when the wife's needs were increased.

The appellant answered the petition denying all of those allegations and affirmatively alleging that the California decree "was rendered contrary to constitutional requirements of due process and that the court did not have jurisdiction." He further alleged that the judgment sought to be registered was not a final one.

The wife also filed a petition in Arkansas in which she alleged that the defendant was in arrears on child support, alimony and payment of medical expenses which the husband had been ordered to pay in the California decree, for which she prayed judgments. She additionally prayed that Ford Motor Company be made a party to the action so that the order of the California Court vesting her interest in the pension fund could be enforced in this State.

On March 11, 1982 the court ordered a hearing set on the petition for registration of the judgment on July 7, 1982.

That order recited that on July 7th the court would first determine whether the judgment should be registered and would then proceed to hear the petitions for relief and enforcement of it.

On the 7th of July the court entered an order registering the California decree in which it found that the statutes providing for registration of foreign judgments had been complied with and that all service and notices required by law had been had upon the husband. The court further found that the authenticated documents constituted a prima facie case for registration of the decree; that the husband "although appearing at this hearing by his attorney, had put on no evidence or testimony to refute the evidence of the plaintiff, and that all other matters mentioned in the March 11th order were premature and would not be considered at this time."

The appellant first contends that making Ford Motor Company a defendant in this case "made this action one other than an action for registration of a foreign judgment against a defendant." Although the wife's petition prayed that Ford Motor Company be made a party, the court took no action on that petition and the order appealed from specifically states that all of those matters were premature and would be given further consideration.

Appellant next contends that because he had filed an answer the court was required to conduct a hearing at which the burden was upon the proponent to establish entitlement to registration. The Uniform Act requires only that the foreign judgment be regular on its face and duly authenticated to be subject to registration. The California decree was authenticated in the manner required and was entitled to full faith and credit in this State. The primary purpose of the Uniform Act is to provide a summary judgment procedure in which a party in whose favor a judgment has been rendered may enforce that judgment promptly in any jurisdiction where the judgment debtor can be found, thereby enabling the judgment creditor to obtain relief in an expeditious manner. *Purser* v. *Corpus Christi State Nat'l*

*Bk.,* 256 Ark. 452, 508 S.W.2d 549 (1974); *Nunez* v. *O.K. Processors,* 238 Ark. 429, 382 S.W.2d 384 (1964).

The proffered decree was regular on its face and recited all requisite jurisdictional facts. It could now be attacked only on grounds of fraud in the procurement of it or want of jurisdiction. *Rodriguez* v. *Saucedo,* 3 Ark. App. 42, 621 S.W.2d 874 (1981); *Elliott, Ex'x.* v. *Hardcastle,* 271 Ark. 90, 607 S.W.2d 381 (1980). These judgments are presumed valid until the contrary is shown. *Frazier* v. *Merrill,* 237 Ark. 242, 372 S.W.2d 264 (1963). An answer asserting lack of jurisdiction is not evidence of the fact and the burden of proving it is upon the one attacking the foreign judgment. *Miller* v. *Brown,* 170 Ark. 949, 281 S.W. 904 (1926). The order appealed from recites that appellant was present by his attorney and offered no evidence. Clearly under the Uniform Act this decree was entitled to registration in this state.

Ark. Stat. Ann. § 29-808 (Repl. 1979) provides that any defense, set-off or counterclaim which under the law of this state may be asserted by the defendant in an action on a foreign judgment may be raised in the proceedings on the judgment pursuant to the Uniform Act. It is clear from *Purser* that this section does not permit the relitigation of any issue finally determined in the California court, for those matters are foreclosed. The only defenses still available to the judgment debtor are satisfaction of the judgment in whole or in part, fraud in the procurement, or lack of jurisdiction. The trial court did not act on appellee's petition for enforcement of monetary awards contained in the decree. Fraud in procuring the decree was not an issue. Appellant was afforded the opportunity to offer evidence in support of his allegation that the California court lacked jurisdiction but offered none. We find no error in the order of the trial court registering the decree.

Affirmed.

GLAZE and COOPER, JJ., agree.