STRICK LEASE, INC. *v.* M.P. JUELS and Charles P.
Cummings

CA 89-135 780 S.W.2d 594

Court of Appeals of Arkansas
Division II
Opinion delivered December 13, 1989

*Skokos, Coleman & Rainwater, P.A.*, by: *Randy Coleman* and *George E. Gibbs*, for appellant.

*Harold W. Madden*, for appellee M.P. Juels.

*Kemp, Duckett & Hopkins*, for appellee Charles P. Cummings.

JUDITH ROGERS, Judge. The appellant, Strick Lease, Inc., appeals from an order of the Pulaski County Circuit Court denying its motion for summary judgment and thereby dismissing its application for the registration of a foreign judgment rendered in Pennsylvania by confession against the appellees, M.P. Juels and Charles P. Cummings. For reversal, the appellant contends that the trial court erred in concluding that the foreign judgment was not entitled to full faith and credit based on its finding that the judgment was rendered contrary to the basic requirements of due process, including notice and the opportunity to appear, and that the rendering court did not have personal jurisdiction over the appellees. We reverse and remand.

A brief recitation of the facts is necessary for a clear understanding of the questions thus presented in this appeal. In 1985, the appellees personally guaranteed payment to the appellant for equipment leased by their company, Transportation Service, Inc. Appellees are both residents of North Little Rock and their corporate business is conducted there. The guarantee agreements signed individually by the appellees contains the following provisions:

> Section 13 Waiver of Pre-judgment Hearing. If any payment or amount or any other charge or sum which is required to be paid by Guarantor shall remain unpaid on any day when the same ought to be paid by the Guarantor, Guarantor hereby empowers any prothonotary, Clerk of Court or attorney of any court of record to appear for Guarantor in any and all actions which may be brought

> [including] actions to confess judgment against the Guarantor for all or part or expense specified in the Agreements then unpaid.
>
> Section 14 Governing Law. This guarantee agreement shall be construed and interpreted in accordance with the laws of the State of Pennsylvania.
>
> Section 15 Guarantee Agreement. Guarantor hereby submits to the jurisdiction of the Courts of the Commonwealth of Pennsylvania.

Upon default, appellant proceeded in accordance with the cognovit provision of the agreement, and on January 11, 1988, obtained a judgment by confession in the amount of $37,481 in the Court of Common Pleas in Bucks County, Pennsylvania, pursuant to the statutory law and procedure existing in that state. *See* Pa. R. Civ. P. §§ 2951-61 (1989). More specifically, the judgment was obtained by appellant's attorney, Anthony L. Lamm, who filed a complaint professing to appear on behalf of the appellees for the confession of judgment in favor of the appellant. The complaint was accompanied by individual affidavits, purporting to be those of the appellees, but which were signed by Lamm, directing that judgment be entered against them.

Thereafter, appellant applied for the registration of the Pennsylvania judgment in the Pulaski County Circuit Court, and subsequently moved for summary judgment that its application be granted. The appellees resisted the application and the motion for summary judgment on grounds that they were not afforded due process, citing the absence of notice and the opportunity to appear prior to the entry of judgment in Pennsylvania, and that they had no contacts with the state of Pennsylvania sufficient to establish personal jurisdiction. Appellee Cummings filed an affidavit stating generally that he had never appeared in any Pennsylvania action, that he never authorized Lamm to appear on his behalf or confess judgment, and that the first notice he had of the Pennsylvania judgment was received when he was served with the present application for the registration of the foreign judgment.

The trial court ruled in favor of the appellees, and in its order of December 5, 1988, stated:

[U]pon consideration of the pleadings and statements of [Appellant's] counsel, the Court finds that the foreign judgments which [Appellant] seeks to register were rendered contrary to basic constitutional requirements of due process, including notice and opportunity to appear, and the rendering court did not have jurisdiction of the person of [Appellee], Charles Cummings, or [Appellee], M.P. Juels, and [Appellant's] Application to Register Foreign Judgment, as amended, and its Motion for Summary Judgment should be dismissed.

 The Uniform Act, found at Ark. Code Ann. §§ 16-66-601—619 (1987), requires only that the foreign judgment be regular on its face and duly authenticated to be subject to registration. *Dolin* v. *Dolin*, 9 Ark. App. 329, 659 S.W.2d 954 (1983). Under the full faith and credit clause of the United States Constitution, Art. 4, § 1, a foreign judgment is as conclusive on collateral attack, except for defenses of fraud in the procurement or want of jurisdiction in the rendering court, as a domestic judgment would be. *Cella* v. *Cella*, 12 Ark. App. 156, 671 S.W.2d 764 (1984). These judgments are presumed valid, and an answer asserting lack of jurisdiction is not evidence of the fact and the burden of proving it is on the one attacking the foreign judgment. *Dolin* v. *Dolin, supra.*

As its first point for reversal, the appellant argues that the trial court erred in holding that the Pennsylvania judgment was rendered in violation of the appellees' right to due process. Secondly, the appellant contends that the trial court erred in finding that the Pennsylvania Court lacked personal jurisdiction over the appellees. Particularly, it is the appellant's contention that the appellees waived their rights to pre-judgment notice and the opportunity to defend, as well as the requirement of personal jurisdiction, as evidenced by the terms of the guarantee agreements.

 As authority, appellant has referred us to the companion cases decided by the United States Supreme Court of *D.H. Overmyer Co.* v. *Frick Co.*, 405 U.S. 174 (1972), and *Swarb* v. *Lennox*, 405 U.S. 191 (1972), in which the Court addressed the due process validity of cognovit provisions. In *Overmyer*, the Court observed that the cognovit is the ancient legal device by

which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly with the appearance, on the debtor's behalf, of an attorney designated by the holder. 405 U.S. at 176. The Court went on to hold that a cognovit clause is not *per se* violative of Fourteenth Amendment due process, as due process rights to notice and hearing prior to a civil judgment are subject to waiver, provided that the waiver be voluntary, knowing, and intelligently made.

In *Swarb, supra*, the Court had before it the Pennsylvania statutory scheme at issue in the present case. In affirming the limited decision of the lower court, the Court declined to declare that the Pennsylvania rules and statutes were *per se* unconstitutional in recognition that under appropriate circumstances, a cognovit debtor may be held effectively and legally to have waived those rights he would possess if the document he signed had contained no cognovit provision. 405 U.S. at 200.

■ It is clear from these decisions that notice and the opportunity to appear can be waived without doing violence to the due process clause. However, it is also equally clear that the validity of cognovit provisions is governed by the facts of each particular case. *Overmyer*, 405 U.S. at 188; *Swarb*, 405 U.S. at 201.

■■ Likewise, the requirement of personal jurisdiction, being an individual right, can, like other such rights, be waived. *Insurance Corp. of Ireland, Ltd.* v. *Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 703 (1982). Accordingly, parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party, or even waive notice altogether. *Nat'l Equipment Rental, Ltd.* v. *Szukhent*, 375 U.S. 311, 316 (1964).

Therefore, in light of the foregoing authorities, we conclude that the trial court erred in concluding that the foreign judgment was rendered in a facially unconstitutional manner and without personal jurisdiction, inasmuch as such rights are subject to waiver. However, on the basis of the record now before us, we cannot also conclude that the waiver of these rights was "voluntary, knowing and intelligently made." As stated in *Overmyer*, "[w]e do not presume acquiescence in the loss of fundamental rights." 405 U.S. at 186, *quoting Ohio Bell Tel. Co.* v. *Public*

*Utilities Comm'n,* 301 U.S. 292, 307 (1937).

■ In his response to the appellant's motion for summary judgment, appellee asserted "that he has never consented to entry of a judgment against him in Bucks County, Pennsylvania; [and] that he has not knowingly waived his constitutional right to due process of law." It appears that these assertions challenging the jurisdiction of the rendering court were not fully developed in this summary proceeding. When a trial record discloses a simple failure of proof, justice demands that we remand the cause to allow an opportunity to supply the defect unless it clearly appears that there can be no recovery. *Ross* v. *Moore,* 25 Ark. App. 325, 758 S.W.2d 423 (1988). Here, it is not apparent that no recovery can be had, and we believe a remand is the appropriate course in this case where such substantial rights are involved. Therefore, we reverse and remand for proceedings not inconsistent with this opinion.

REVERSED and REMANDED.

CORBIN, C.J., and CRACRAFT, J., agree.