John E. McDERMOTT, et al. *v.* GREAT PLAINS EQUIPMENT LEASING CORPORATION

CA 92-23                                                839 S.W.2d 547

Court of Appeals of Arkansas
Division I·
Opinion delivered November 4, 1992

*Tiner & McGill*, by: *Dan McGill*, for appellants.

*Barrett, Wheatley, Smith & Deacon*, by: *Ralph W. Waddell*, for appellee.

ELIZABETH W. DANIELSON, Judge. Grain Systems Credit Company, a partnership, was awarded a summary judgment in a United States District Court in Illinois against the appellants, John E. McDermott and Ila A. McDermott, for $63,915.51, plus attorneys' fees and costs for breach of a grain bin lease. The judgment was issued on April 23, 1990, and on July 9, 1990, Grain Systems gave notice to appellants that they had filed the foreign judgment in Poinsett County Circuit Court. On August 30, 1990, appellants responded to the notice of filing of the foreign judgment and asked for dismissal of the action on the basis that Grain Systems was a general partnership doing business in Illinois, and that under Arkansas law, a general partnership does

not have entity status and cannot maintain an action in its own name. Subsequently, the trial court granted an oral motion for substitution of all of Grain System's rights, title and interest in the foreign judgment to Great Plains Equipment Leasing Corporation. Appellants filed a motion to vacate the order of substitution as well as a response to the motion for summary judgment. The trial court denied the motion to vacate and granted appellee's motion for summary judgment. On appeal, the appellants contend that the court erred in denying their motion to vacate and erred in granting summary judgment in favor of the appellee. We find no error and affirm.

■ Appellants first argue that the trial court erred in failing to grant their motion to vacate the order for substitution and, further, that they were not given notice of the request for substitution. Rule 25 of the Arkansas Rules of Civil Procedure governs the substitution of parties. Where the substitution is based on a transfer of interest as it is in this case, subparagraph (c) of Rule 25 provides as follows:

> In the case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of this motion shall be made as provided in subdivision (a) of this rule.

The pertinent part of subdivision (a) governing notice sets out "substitution may be ordered without notice or upon notice as the court may require." Based on Rule 25, the trial court did not err by granting appellee's motion to be substituted for Grain Systems as the party in interest nor did the court abuse its discretion by not requiring notice to appellants of the requested substitution.

■■ Appellants next argue that the court erred in granting appellee's motion for summary judgment. There is no showing in the record that appellants ever challenged the standing of the partnership to file suit in Illinois or contended that the judgment there was improperly entered. The Uniform Enforcement of Foreign Judgments Act, Ark. Code Ann. § 16-66-602—619 (1987), requires only that a foreign judgment be regular on its face and duly authenticated to be subject to registration. *Strick Lease, Inc.* v. *Juels*, 30 Ark. App. 15, 780

S.W.2d 594 (1989). The judgment which appellee seeks to register was found by the trial court to be regular on its face as well as properly authenticated. Based on the record, it was not error for the trial court to have granted appellee's motion for summary judgment.

■ The primary purpose of the Uniform Act is to provide a summary judgment procedure in which a party in whose favor a judgment has been rendered may enforce that judgment promptly in any jurisdiction where the judgment debtor can be found, thereby enabling the judgment creditor to obtain relief in an expeditious manner. *Dolin* v. *Dolin*, 9 Ark. App. 329, 659 S.W.2d 954 (1983). The court in which the judgment is registered treats and enforces the judgment exactly as it would a judgment rendered by that court. *Holley* v. *Holley*, 264 Ark. 35, 568 S.W.2d 487 (1978).

■ Under the full faith and credit clause of the United States Constitution, art. IV, §1, a foreign judgment is conclusive on collateral attack, except for defenses of fraud in the procurement or want of jurisdiction in the rendering court, as a domestic judgment would be. *Strick Lease*, 30 Ark. App. 15. These judgments are presumed valid and the burden of proving them invalid is on the party attacking the foreign judgment. *Dolin*, 9 Ark. App. 329. The only defenses available to appellants are fraud in the procurement of the foreign judgment or lack of jurisdiction by the rendering court, neither of which were properly raised.

Affirmed.

JENNINGS and ROGERS, JJ., agree.