BUTLER FENCE COMPANY *v.* ACME FENCE & IRON COMPANY, Inc.

CA 92-256                                          852 S.W.2d 826

Court of Appeals of Arkansas
Division II
Opinion delivered May 12, 1993

*David J. Potter*, for appellant.

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.*, by *Christopher O. Parker*, for appellee.

JAMES R. COOPER, Judge. This is an appeal from a summary judgment granted in favor of the appellee, Acme Fence & Iron Company, Inc., against the appellant, Butler Fence Company. The appellee obtained a default judgment against the appellant on February 22, 1991, in the District Court of Cleveland County, Oklahoma, in the total amount of $61,659.30, plus interest. The appellee subsequently sought registration of the foreign judgment in Arkansas. The appellant objected on the grounds that the Oklahoma court lacked both *in personam* and subject matter jurisdiction. The appellee moved for summary judgment, and the trial court granted the motion.

Summary judgment is an extreme remedy which should be granted only when it is clear that there is no genuine issue of fact to be decided. *Purser v. Corpus Christi State National Bank*, 258 Ark. 54, 522 S.W.2d 187 (1975). In appeals from the granting of summary judgment, we need only decide if the granting of summary judgment was appropriate based on whether the evidence presented by the moving party in support of the motion left a material question of fact unanswered. *Harvison v. Charles E. Davis & Assocs.*, 310 Ark. 104, 835 S.W.2d 284 (1992). All proof submitted must be viewed in the light most favorable to the party resisting the motion and any doubts and inferences must be resolved against the moving party. *Id.*

The Uniform Enforcement of Foreign Judgments Act, Ark. Code Ann. § 16-66-602 to -608 (Supp. 1991), provides a summary procedure in which a party in whose favor a judgment has been rendered may enforce that judgment promptly in any

jurisdiction where the judgment debtor can be found, thereby enabling the judgment creditor to obtain relief in an expeditious manner. *McDermott* v. *Great Plains Equip. Leasing Corp.*, 40 Ark. App. 8, 839 S.W.2d 547 (1992). The Uniform Act requires only that the foreign judgment be regular on its face and duly authenticated to be subject to registration. *Id.*

■ Under the Full Faith and Credit Clause of the United States Constitution, art. IV, § 1, a foreign judgment is as conclusive on collateral attack, except for defenses of fraud in the procurement or want of jurisdiction in the rendering court, as a domestic judgment would be. *See, e.g., Strick Lease, Inc.* v. *Juels*, 30 Ark. App. 15, 780 S.W.2d 594 (1989). These judgments are presumed valid; an answer asserting lack of jurisdiction is not evidence of the fact and the burden of proving it is on the one attacking the foreign judgment. *Strick Lease, supra; Dolin* v. *Dolin*, 9 Ark. App. 329, 659 S.W.2d 954 (1983).

■ The appellee contends that because the Oklahoma judgment was rendered by default, overturning it in Arkansas is governed by Ark. R. Civ. P. 55(c) for setting aside default judgments. The United States Constitution, art. IV, § 1, overrides the local regulation of access to the procedures of state courts for the purpose of enforcing foreign judgments. Therefore, foreign judgments, regardless of whether entered by default, are protected against collateral attack by the full faith and credit clause unless the previously stated defenses can be established.

Our initial inquiry, therefore, is whether the appellant has shown that there are genuine issues of material fact concerning the Oklahoma judgment's validity. On appeal, the appellant argues that there are two genuine issues of material fact to be resolved: (1) whether there was proper service of process upon the appellant, and (2) whether Oklahoma had sufficient contacts with the subject matter of the lawsuit to give that state jurisdiction over the appellant.

For its first argument, the appellant contends that there was no evidence of proper service on the appellant and that, therefore, the Oklahoma court did not have *in personam* jurisdiction.

Service of process under Oklahoma law may be made:

(3) Upon a domestic or foreign corporation or upon a

partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the petition to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . .

Okla. Stat. Ann. tit. 12 § 2004(C)(1)(c) (West Supp. 1993). Section 2004(E)(2) provides that when the exercise of jurisdiction is authorized by Oklahoma's long arm statute, service of process may be made:

(a) by personal delivery in the manner prescribed for service within this State (Oklahoma) or

(b) in the manner prescribed by law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction.

Proof of service shall be made by the person serving the process to the Court, but failure to make proof of service does not affect the validity of the service. § 2004(G)(1). Subsection (G)(2) requires that the return set forth the name of the person served and the date, place and method of service.

In Oklahoma, statutes concerning service of process must be substantially complied with in order to vest a court with jurisdiction. *Graff* v. *Kelly*, 814 P.2d 489 (Okla. 1991); *VanNort* v. *Davis*, 800 P.2d 1082 (Okla. Ct. App. 1990). Service of process is sufficient if it informs the defendant that he has been sued, the nature of the proceedings against him, his interest therein and of the court where the hearing will be held. *VanNort, supra.*

In support of the summary judgment motion, the appellee included an affidavit of Charles Wise, a deputy sheriff with the Miller County Sheriff's Department, which stated that on September 10, 1990, he personally served a person at Butler Fence Company authorized by law to accept service. The affidavit of service did not identify the person with whom the documents were left or that person's relationship to the appellant.

Jay Lucas Schniederjan, an attorney for the appellee, stated in her affidavit that she had received a telephone call from a man identifying himself as the son of Mr. Butler of Butler Fence

Company, in which he told her that he had received the papers and that their attorney would be calling her regarding the lawsuit. However, actual notice cannot by itself be sufficient to establish *in personam* jurisdiction. *Graff, supra.*

The appellant bases its argument that it was not properly served on the contention that the affidavit of personal service did not reflect service upon a legal entity and that it did not identify the person served or that person's relationship to Butler Fence Company. Wylie Butler, in his affidavit, stated that Butler Fence Company is an assumed name and not a corporation.

The trial court in its order for registration stated that it could not determine from the evidence the name of the person served at Butler Fence Company. However, it accepted the statements of Charles Wise and Jay Schniederjan in concluding that a person authorized by law to accept service at Butler Fence Company was served.

On this record, we hold that there are disputed facts as to whether there was substantial compliance with the Oklahoma statute for service of process. The affidavit of service does not indicate who was served, whether that person was authorized to receive service of process on behalf of the appellant, or whether that method of service of process on the appellant was proper.

The appellant next asserts that it did not have sufficient minimum contacts with Oklahoma to justify the Oklahoma court's jurisdiction over the appellant. An Oklahoma court may exercise jurisdiction on any basis consistent with the Constitution of Oklahoma and the Constitution of the United States. Okla. Stat. Ann. tit. 12, § 2004(F) (West Supp. 1993).

The Oklahoma Long Arm Statute extends the jurisdiction of Oklahoma courts over nonresidents to the outer limits permitted by due process requirements of the United States Constitution. *Taylor* v. *Taylor*, 709 P.2d 707 (Okla. Ct. App. 1985).

Due process prohibits a state court from exercising personal jurisdiction over a non-resident defendant unless the defendant has sufficient "minimum contacts" with the forum state, "such that he would reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 297 (1980). Due process also requires that a

defendant's "minimum contacts" with the forum state be such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken* v. *Meyer*, 311 U.S. 457, 463 (1940)).

An affidavit of an employee of the appellee stated that representatives of both parties met in Oklahoma with regard to the account upon which the judgment was based. However, Wylie Butler, in his affidavit for the appellant, stated that the subject matter of the Oklahoma proceeding involved a consignment arrangement in which the appellee delivered materials to the appellant in Texarkana, Arkansas. He related that an account was established at a bank in Texarkana from which the appellee drew funds as the material was used. He further stated that the initial order was solicited at Butler Fence Company in Texarkana, Arkansas, that all subsequent deliveries were made to the appellant in Texarkana, and that all the activities regarding the subject matter of the lawsuit were conducted in Arkansas.

The affidavits are in sharp conflict, thus presenting a disputed fact question as to whether the appellant had sufficient minimum contacts with Oklahoma to satisfy the due process requirements.

We find there are genuine issues of material facts and therefore, we reverse and remand for proceedings consistent with this opinion.[1]

Reversed and remanded.

JENNINGS, C.J., and PITTMAN, J., agree.

---

[1] The appellant filed a motion to amend the record on April 9, 1993, stating that the District Court of Cleveland County, Oklahoma, in a post-judgment proceeding, entered an order dismissing the original judgment for lack of personal jurisdiction. However, the original judgment, by virtue of its filing under the Uniform Act, has become a judgment of the State of Arkansas with its own independent life support system. A domestic judgment enforcing a foreign judgment is not directly affected by subsequent proceedings in the originating state. *See Burchett* v. *Roncari*, 434 A.2d 941 (Conn. 1980). If, on the basis of the subsequent proceedings in the originating jurisdiction, there are equitable reasons for not enforcing or pursuing the domestic judgment, such issues should be raised in an independent action. *Id.*