Melissa MAY *v.* Jerry Glenn MAY

CA 96-913 944 S.W.2d 550

Court of Appeals of Arkansas
Division III
Opinion delivered May 7, 1997

*Sloan, Rubens & Peeples*, by: *James A. Davis, Jr.*, for appellant.

*Durrett & Coleman*, by: *Gerald A. Coleman*, for appellee.

JUDITH ROGERS, Judge. Appellant brings this appeal from the trial court's denial of her petition to register a foreign judgment based on a finding that the Texas court that rendered the judgment did not have personal jurisdiction over appellee. For reversal, appellant contends that appellee was bound by the Texas court's finding of personal jurisdiction and that the trial court erred by permitting appellee to collaterally attack the judgment on that ground in this proceeding. We agree and reverse.

Appellant, Melissa May, is the daughter of appellee, Jerry Glenn May. On August 30, 1994, appellant obtained a default judgment against appellee in the District Court of Cameron County, Texas, in the total amount of $28,951.43, representing unpaid child support, prejudgment interest, and attorney's fees. On May 16, 1995, appellant petitioned the Circuit Court of Crittenden County, Arkansas, for registration of the Texas judgment. Appellee objected to appellant's petition, arguing that the Texas court had no personal jurisdiction over him. After a hearing, the trial court agreed with appellee's argument and entered an order dismissing appellant's petition.

██ ██ The Uniform Enforcement of Foreign Judgments Act, codified in Arkansas at Ark. Code. Ann. §§ 16-66-601 to -608 (Supp. 1995), provides a summary procedure in which a party in whose favor a judgment has been rendered may enforce that judgment promptly in any jurisdiction where the judgment debtor can be found. The Uniform Act requires only that the foreign judgment be regular on its face and duly authenticated to be subject to registration. *Butler Fence Co. v. Acme Fence & Iron*, 42 Ark. App. 30, 852 S.W.2d 826 (1993). Under the Full Faith and Credit Clause of the United States Constitution, a foreign judg-

ment is as conclusive on collateral attack as a domestic judgment would be, except for the defenses of fraud in the procurement or want of jurisdiction in the rendering court. *Strick Lease, Inc. v. Juels,* 30 Ark. App. 15, 780 S.W.2d 594 (1989). Foreign judgments entered by default are equally protected against collateral attack, unless the previously stated defenses can be established. *Butler Fence Co. v. Acme Fence & Iron, supra.*

Appellant's argument in this appeal is based on appellee's testimony at the hearing and the supreme court's decision in *Monark Boat Co. v. Fischer,* 292 Ark. 544, 732 S.W.2d 123 (1987). It was appellee's testimony that, when he learned of the judgment, he hired an attorney and filed a motion for a new trial in which he contested the Texas court's assertion of personal jurisdiction over him. He said that the Texas court denied his motion based on a finding that the court did have personal jurisdiction and that he chose not to appeal that decision because of the expense. Certified copies of appellee's motion for a new trial and the order denying it were introduced into evidence.

In *Monark Boat Co. v. Fischer, supra,* the issue before the court was whether a party, against whom a foreign judgment had been rendered and who had contested the matter of personal jurisdiction in the foreign court, may assert the lack of personal jurisdiction of the rendering court when the judgment is sought to be registered in Arkansas. The court answered the question negatively, saying:

> When the appellant appeared in the Ohio court to contest the matter of whether that court had personal jurisdiction of it, it subjected itself to the jurisdiction of that court to determine that issue. The decision of the Ohio court that it had jurisdiction of the appellant was binding on the appellant, and while it could have appealed that decision, it could not collaterally attack it in a collateral proceeding, such as the one before us now, because of the doctrine of *res judicata.*

*Id.* at 547, 732 S.W.2d at 125.

The appellee in this case contested personal jurisdiction in the Texas court and did not appeal that adverse determination. Therefore, under the decision in *Monark,* the Texas court's finding

that it had personal jurisdiction is *res judicata* and is not subject to collateral attack in this proceeding. Although the appellant referred the trial court to the supreme court's decision in *Monark*, the court did not abide by it. Consequently, we reverse the trial court's decision and remand for the trial court to enter an order accepting registration of the Texas judgment.

Reversed and remanded.

ROBBINS, C.J., and JENNINGS, J., agree.