NATIONWIDE INSURANCE ENTERPRISE *v.*
Tamela IBANEZ, and Wal-Mart Stores, Inc.

06-765                                                          246 S.W.3d 883

Supreme Court of Arkansas
Opinion delivered January 11, 2007

*The McHughes Law Firm, LLC*, by: *Josh E. McHughes* and *Becky A. McHughes*, for appellant.

*The Bassett Law Firm, LLP*, by: *Jennifer E. Lloyd*, for appellee Wal-Mart Stores, Inc.

JIM GUNTER, Justice. This appeal arises from an order of the Benton County Circuit Court reducing a foreign judgment filed in Benton County against appellee and garnishee, Wal-Mart, after a default judgment was entered in favor of appellant, Nationwide Insurance Enterprise, in the State of Washington. We affirm.

On January 7, 2005, Wal-Mart was served by Nationwide with a writ of garnishment with respect to the wages of Tamela Ibanez, its employee, in the amount of $11,523.39. The writ was issued out of the Clark County District Court of Washington. Ibanez was terminated from Wal-Mart on February 9, 2005. On March 3, 2005, a default judgment was entered against Wal-Mart in the amount of $11,523.39, pursuant to Wash. Rev. Code § 6.27.200 (2003).

On October 20, 2005, Nationwide registered the Washington judgment in the Benton County Circuit Court, and the clerk of the Benton County Circuit Court sent a notice of filing a

foreign judgment to Wal-Mart. On January 20, 2006, Wal-Mart filed a motion to set aside judgment or, in the alternative, to reduce judgment. In its motion, it alleged that, from the time of service of the writ of garnishment until Ibanez's termination, Wal-Mart should have withheld $1,086.37, and that the judgment against Wal-Mart should not have exceeded that amount. Nationwide responded on February 6, 2006, arguing that the Benton County Circuit Court should give full faith and credit to the Washington judgment and that a foreign judgment is protected from collateral attack.

A hearing on the matter was held on February 14, 2006. The Benton County Circuit Court entered an order on March 3, 2006, ruling that Wal-Mart's motion to set aside judgment was a direct attack on the judgment and was permissible under the Uniform Enforcement of Foreign Judgments Act ("Act"). The circuit court reduced the amount of the judgment to $1,086.37, which reflects the period of time between the service of the writ, pursuant to Wash. Rev. Code § 6.27.200, and the time of Ibanez's termination.[1] Nationwide timely filed its notice of appeal on March 21, 2006. Nationwide brings its appeal from the March 3, 2006, order.

---

[1] The Washington statute, Wash. Rev. Code § 6.27.200, provides:

If the garnishee fails to answer the writ within the time prescribed in the writ, after the time to answer the writ has expired and after required returns or affidavits have been filed, showing service on the garnishee and service on or mailing to the defendant, it shall be lawful for the court to render judgment by default against such garnishee, after providing a notice to the garnishee by personal service or first class mail deposited in the mail at least ten calendar days prior to entry of the judgment, for the full amount claimed by the plaintiff against the defendant, or in case the plaintiff has a judgment against the defendant, for the full amount of the plaintiff's unpaid judgment against the defendant with all accruing interest and costs as prescribed in RCW 6.27.090: PROVIDED, That upon motion by the garnishee at any time within seven days following service on, or mailing to, the garnishee of a copy of the first writ of execution or writ of garnishment under such judgment, the judgment against the garnishee shall be reduced to the amount of any nonexempt funds or property which was actually in the possession of the garnishee at the time the writ was served, plus the cumulative amount of the nonexempt earnings subject to the lien provided for in RCW 6.27.350, or the sum of one hundred dollars, whichever is more, but in no event to exceed the full amount claimed by the plaintiff or the amount of the unpaid judgment against the principal defendant plus all accruing interest and costs and attorney's fees as prescribed in RCW 6.27.090, and in addition the plaintiff shall be entitled to a reasonable attorney's fee for the plaintiff's response to the garnishee's motion to reduce said judgment against the garnishee under this proviso and the court may allow additional attorney's fees for other actions taken because of the garnishee's failure to answer.

For its sole point on appeal, Nationwide argues that the circuit court erred in ruling that Wal-Mart's motion to set aside constituted a direct attack on the Washington judgment filed in Arkansas under the Act. Specifically, Nationwide contends that a direct attack to the foreign judgment is not permissible under the Act. In response, Wal-Mart argues that the circuit court was correct in its order to reduce the judgment. Specifically, Wal-Mart asserts that a direct attack is allowed under the Act, that Wal-Mart's motion to reduce the judgment was a direct attack on the foreign judgment, and that its motion to reduce the judgment demonstrated a meritorious defense. Wal-Mart also contends that its motion was not untimely.

This case involves an appeal of an order setting aside a default judgment. Our standard of review depends on the grounds upon which the appellant is claiming the default judgment should be set aside. In cases where the appellant claims that the default judgment is void, the matter is a question of law, which we review de novo and give no deference to the circuit court's ruling. *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004). In all other cases where we review the motion to set aside a default judgment, we do not reverse absent an abuse of discretion. *Id.* Because Wal-Mart does not argue that the default judgment was void, we will review the circuit court's decision under an abuse-of-discretion standard.

The Uniform Enforcement of Foreign Judgments Act, codified at Ark. Code Ann. §§ 16-66-601—16-66-619 (Repl. 2005), provides a summary procedure in which a party in whose favor a judgment has been rendered may enforce that judgment promptly in any jurisdiction where the judgment debtor can be found. *May v. May*, 57 Ark. App. 215, 944 S.W.2d 550 (1997). The Act further provides that Arkansas courts give any judgment of a court of the United States full faith and credit when the judgment is regular on its face and authenticated. Ark. Code Ann. § 16-66-601; *see also Strick Lease, Inc. v. M.P. Juels*, 30 Ark. App. 15, 780 S.W.2d 594 (1989). Under the Full Faith and Credit Clause of the United States Constitution, art. 4, § 1, a foreign judgment is as conclusive on collateral attack as a domestic judgment would be, except for the defenses of fraud in the procurement of the judgment or want of jurisdiction in the rendering court. *Id.* For full faith and credit purposes, default judgments are considered judgments on the merits. *See Butler Fence Co. v. Acme Fence & Iron Co., Inc.*, 42 Ark. App. 30, 852 S.W.2d 826 (1993). Foreign judgments entered by

default are equally protected against collateral attack, unless the previously stated defenses can be established. *Id.*

The primary purpose of the Act is to allow a party with a favorable judgment an opportunity to obtain prompt relief. *See Chem. Methods Leasco, Inc. v. Ellison*, 46 Ark. App. 288, 879 S.W.2d 467 (1994). A party may file a copy of a foreign judgment in the office of the clerk of the court having jurisdiction over the matter. *See* Ark. Code Ann. § 16-66-602. The Act requires only that the foreign judgment be regular on its face and duly authenticated to be subject to registration. *Butler, supra.* Once a decree or judgment is accepted as proper for registration, then it becomes, in effect, an Arkansas judgment and will remain on the judgment books to be enforced by Arkansas in the future. *Nehring v. Taylor*, 266 Ark. 253, 583 S.W.2d 56 (1979) (decision under prior law).

Nationwide argues that the circuit court erred in ruling that Wal-Mart's filing the motion to set aside the judgment was a direct attack rather than a collateral attack. Wal-Mart counters, arguing that a direct attack is permissible under the Act and that its motion to set aside the judgment constituted a direct attack on the judgment. We stated in *Council of Co-Owners for Lakeshore Resort & Yacht Club Horizontal Property Regime v. Glyneu, LLC*, 367 Ark. 397, 240 S.W.3d 600 (2006):

> A direct attack on a judgment is an attempt to amend it, correct [it], reform it, vacate it, or enjoin its execution in a proceeding instituted for that purpose. An attack is direct where the proceeding in which it is made is brought for the purpose of impeaching or overturning the judgment, and collateral if made in any manner other than by a proceeding the very purpose of which is to impeach or overturn the judgment.

*Id.* (Citations omitted.)

An action that contemplates some other relief or result is a collateral attack. *Purser v. Corpus Christi State Nat'l Bank*, 256 Ark. 452, 508 S.W.2d 549 (1974) (holding that a Texas judgment sought to be registered in Arkansas became a final judgment under the Act). Defenses, which are collateral, that are raised for a purpose other than to impeach, modify, or overturn a judgment may not be raised in the registration proceeding. *Id.*

With this precedent in mind, we turn to the present case to determine whether Wal-Mart's motion to set aside the judgment was a direct or collateral attack. Here, Wal-Mart's

motion was filed with the purpose of amending or modifying the Washington default judgment by reducing the judgment from $11,523.39 to $1,086.37, which was the amount of garnishment from the time of service of the writ of garnishment until Ibanez's termination from Wal-Mart. Both parties conceded in the hearing on Wal-Mart's motion to set aside the Washington default judgment that Wal-Mart was required to withhold only $1,086.37 from Ibanez's wages. However, we cannot agree with Nationwide's position that Wal-Mart's motion to set aside the judgment, or in the alternative, to reduce the judgment constitutes a collateral attack because, as defined in *Purser, supra*, a collateral attack is an attack on a judgment in any manner other than by an action or proceeding, whose very purpose is to impeach or overturn the judgment. Because the circuit court amended the Washington order to reflect the $1,086.37 amount, we conclude that Wal-Mart's motion was a direct attack on the Washington default judgment.

Next, we must determine whether the Washington default judgment, filed in Benton County, can be set aside. Arkansas Rule of Civil Procedure 55 provides for entry of a default judgment when a party fails to appear or otherwise defend. *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998). Rule 55(c) allows a court to set aside a default judgment previously entered for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) the judgment is void; (3) fraud, misrepresentation, or other misconduct of an adverse party; or (4) any other reason justifying relief from the operation of the judgment. *See also Nucor, supra*. Unless the default judgment is void, a party seeking to set aside a default judgment must also demonstrate a meritorious defense to the action. *Tharp v. Smith*, 326 Ark. 260, 930 S.W.2d 350 (1996).

In the present case, Wal-Mart alleged (1) "mistake" and (2) "any other reason justifying relief from the operation of judgment" under Rule 55(c) in its motion to set aside the default judgment. Wal-Mart averred that, under both Ark. Code Ann. § 16-110-407 (Repl. 2006)[2] and Wash. Rev. Code § 6.27.200, a

---

[2] Arkansas Code Annotated § 16-110-407, provides in pertinent part:

(b) The court, after hearing and reviewing the evidence and testimony of both parties, may then render judgment against the garnishee in such amount, if any, as the court finds the garnishee

judgment against a garnishee shall be reduced to the amount held by the garnishee at the time of the service of the writ. Specifically, in its brief in support, Wal-Mart claimed that it was required to withhold only $1,086.37 from Ibanez's wages under both Ark. Code Ann. § 16-110-407 and Wash. Rev. Code § 6.27.200.

Thus, the next question is whether Wal-Mart's mistake was its reliance upon Washington law that the judgment could be reduced at the time of execution. Arkansas Code Annotated § 16-110-407 provides for a one-step garnishment procedure: a judgment against a garnishee may only be rendered in the amount the garnishee held at the time of the service of the writ of garnishment. In contrast, under Wash. Rev: Code § 6.27.200, there is a two-step garnishment procedure: a default judgment may be entered for the full amount claimed by the plaintiff, but once the plaintiff attempts to execute the judgment upon motion by the garnishee, the judgment shall be reduced to the amount that was actually in possession of the garnishee at the time the writ was served.

We have held that the "mistake" contemplated under subsection (c) refers to a mistake by the defendant in failing to respond to the lawsuit. *Byrd v. Dark*, 322 Ark. 640, 911 S.W.2d 572 (1995). An alleged mistake is considered on a case-by-case basis by the trial court. *B & F Eng'g, Inc. v. Cotroneo*, 309 Ark. 175, 830 S.W.2d 835 (1992). Here, based upon our reading of Wash. Rev. Code § 6.27.200 in light of the circumstances in this particular case, Wal-Mart's alleged mistake was its failure to respond to Nationwide's lawsuit because, unlike the one-step garnishment procedure in Ark. Code Ann. § 16-110-407, Wal-Mart elected to wait for the second step under Washington law, Wash. Rev. Code § 6.27.200, the time of execution when the judgment could be reduced. It was during that interim between the court's ordering the full amount and the later reduction upon execution that Nationwide registered the Washington judgment in Benton County. We note that Nationwide's counsel conceded during arguments at the hearing on Wal-Mart's motion to set aside that the judgment should be reduced to $1,086.37.

---

held at the time of service of the writ of garnishment, of any goods, chattels, wages, credits and effects belonging to the defendant, not otherwise exempt under state or federal law; together with attorney's fees and such other reasonable expenses incurred by the plaintiff, as the court may deem appropriate under the facts and circumstances.

This court adheres to the public policy that a judgment debtor may not collect more than the garnishee held at the time the writ was filed. While Washington allows for the entire amount to be entered, the amount is later reduced upon execution. Wash. Rev. Code § 6.27.200. Arkansas allows for the amount to be reduced prior to entry of the judgment. Ark. Code Ann. § 16-110-407. The purpose of the writs of garnishment is to summon the garnishee to appear before the court and reveal how much money is owed to its employee. *May v. Bob Hankins Distrib. Co.*, 301 Ark. 494, 501, 785 S.W.2d 23, 27 (1990). Both parties concede that the proper amount owed to Nationwide is $1,086.37. To allow Nationwide's collection of the entire amount owed by the judgment debtor before a reduction upon execution, while indeed inequitable, would encourage a circumvention of the law in both states.

Therefore, based upon the foregoing reasons, we hold that the circuit court properly reduced the judgment to $1,086.37 in granting Wal-Mart's motion to set aside the default judgment entered in Washington. Accordingly, we affirm the circuit court's order.

Affirmed.

CORBIN and DANIELSON, JJ., not participating.